IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| TODD KRAUTH, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| GEMINI CAPITAL GROUP, LLC | : | |
| Defendant. | : | |

## COMPLAINT

Todd Krauth, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Todd Krauth is a natural person residing in Carlisle, Iowa.

4. Defendant Gemini Capital Group, LLC is regularly engaged in the collection of debt, and does business in Iowa.

## IV. FACTUAL ALLEGATIONS

5. Gemini Capital Group, LLC is attempting to collect an alleged debts from Krauth that is said to have originated from a Providian National Bank Visa account.

6. On March 24, 2011, a judgment was entered against Krauth.

7. On April 13, 2011, Defendant, through its attorney sent a letter to Krauth stating "Pursuant to Iowa law this judgment automatically is a lien on all real estate owned by you in the county in which the judgment was entered. In addition, the judgment lien is enforceable against you for a period of 20 years."

8. In Iowa, a credit card judgment does not attach to a homestead. The statement is false.

9. The representation that credit card judgments are liens on homesteads is a myth perpetuated by banks and creditors. The myth causes considerable harm to consumers.

## V. FIRST CLAIM FOR RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692e(4) by representing the nonpayment of the debt would result in a lien against Krauth's home;

    b. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken;

    c. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing the nonpayment of the debt would result in a lien against Krauth's home in order to collect or attempt to collect debt;

    d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the debt in an unfair or unconscionable manner not permitted by law and;

    e. Defendant violated 15 U.S.C. § 1692f(6) by threatening or implying it could take or encumber exempt property.

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against the Defendant for the following:

    A. Actual damages pursuant to 15 U.S.C. § 1692k;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k;

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    D. For such other relief as the Court deems appropriate in the circumstances.

## VII. SECOND CLAIM FOR RELIEF

13. All facts and allegations of this Complaint are incorporated herein by reference.

14. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(1)(e) by falsely threatening that nonpayment of a debt would result in the seizure of Krauth's property; and

  b. Defendant violated Iowa Code § 537.7103(1)(f) by taking or threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

15. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against the Defendant for the following:

  A. Actual damages pursuant to Iowa Code § 537.5201(1);

  B. Statutory damages pursuant to Iowa Code § 537.5201(1);

  C. Costs and reasonable attorney's fees pursuant to Iowa Code § 537.5201(1);

  D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*
_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road, Suite 335
West Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com